# EXHIBIT 1

1

2

3

4

5

6

IN THE SUPERIOR COURT OF KING COUNTY FOR WASHINGTON STATE

7

AVA JANE FRANS, a single person,

8

Plaintiff,

9

v.

10

UNITED STATES AUTOMOBILE
ASSOCIATION AKA USAA Insurance
Company & Charles Schwab Corporation,

11

12

Defendants.

13

No.

**COMPLAINT FOR DAMAGES**
For Breach of Insurance Contract, Bad Faith,
Violation of Consumer Protection Act (CPA)
RCW 19.86 & Violation of Insurance Fair
Conduct Act (IFCA) RCW 4830 et seq.,
Breach of Fiduciary Duty, Attorney Fees &
Costs, and Punitive and Treble Damages

14

15

**COMES NOW** plaintiffs Ava Jane Frans by and through her attorneys Campiche Andrews Horne

16

Trial Lawyers PLLC alleges:

17

18

## 1. PARTIES

19

Plaintiff Ava Jane Frans (Plaintiff Frans) is a single person residing in Burien, King County,

20

Washington State.

21

22

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 1**

23

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

1.1     Defendant United Services Automobile Association (Defendant USAA) is a Texas Corporation doing business of selling automobile and casualty insurance as USAA with corporate offices in San Antonio, Texas.

1.2     USAA does business of selling automobile and casualty insurance in the State of Washington.

1.3     Defendant USAA is owned by Defendant Charles Schwab Corporation, a foreign (Texas) corporation doing business in Washington State.

1.4     Defendant USAA's registered agent in Washington State is the Prentice-Hall Corporation System Inc., located at 300 Deschutes Way SW, Suite 208 Mc-Csc 1, Tumwater Washington 98501.

## 2.   JURISDICTION AND VENUE

2.1     All of the acts and omissions complained of in this lawsuit occurred in King County, Washington State.

2.2     The breach of insurance contract, bad faith, violation of Consumer Protection Act, and violation of Insurance Fair Conduct Act, which the plaintiff alleges in this Complaint, all occurred in King County, Washington.

2.3     The amount of the controversy exceeds $100,000.00.

2.4     This Court has personal jurisdiction over Defendant USAA because Defendant USAA. purposely availed itself of the privileges and benefits of conducting business in King County, Washington, by selling automobile and casualty insurance policies to King County and

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 2**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

Washington residents.

2.5    Defendant USAA maintains multiple business locations or office in King County.

2.6    Jurisdiction and venue lie in the Superior Court for the State of Washington at King County.

## 3  FACTS

3.1    At all times relevant to this lawsuit, Plaintiff Frans was a single person residing in King County, Washington.

3.2    At all times relevant to this lawsuit, the automobile insurance contract with the policy number 00735 10 82C 7101 8 existing between Defendant USAA and Plaintiff Frans' family provided $300,000.00 of bodily injury benefits to the name insured for harm caused by underinsured motorists.

3.3    On or about February 8, 2022, Plaintiff Ava Frans was a named insured on a USAA automobile insurance policy number 00735 10 82C 7101 8 issued to her mother, Angela M Frans.

3.4    On or about February 8, 2022, Plaintiff Frans was a family member of Angela M. Frans, as defined by her mother's USAA automobile policy number 00735 10 82C 7101 8 in that Plaintiff Frans was related to her mother by blood and resided primarily in her mother's household.

3.5    Therefore, at all times relevant to this lawsuit, Plaintiff Frans was Defendant USAA's insured.

3.6    On or about February 8, 2022, Plaintiff Frans was injured in a motor vehicle collision caused by the negligence of Lillie M. Hardison.

3.7    The at fault driver, Lillie M. Hardison was an underinsured motorist in that the sum of limits of liability insurance available to Ms. Hardison was less than the fair value of the damages suffered by Plaintiff, Ava Jane Frans in the February 8, 2022, collision.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 3**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.8     The injuries Ava Jane Frans suffered as a result of the underinsured motorist's negligent operation of her automobile included a severe displaced fracture of Plaintiff's left distal radius, and ulna and a 9cm open laceration of her left thumb and forefinger.

3.9     The cause of the collision was the negligence of the underinsured motorist, Ms. Hardison, who was driving southbound on Pacific Highway when she failed to yield the right of way and crashed into plaintiff's vehicle, which was lawfully proceeding on Pacific Highway.

3.10    Treatment of the injuries Ava Frans suffered in the February 8th collision required orthopedic surgery under general anesthesia called an open reduction internal fixation of Plaintiff's left distal ulna metaphyseal fracture and left distal third radial shaft fracture and closing of her open thumb and forefinger.

3.11    This is the X-ray that fairly depicts the hardware employed during the open reduction, Internal fixation of Plaintiff Ava Jane Frans' left distal radial shaft fracture and left distal ulna metaphysical fracture.



**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          - 4

**CAMPICHE ANDREWS HORNE**
**TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.12    This is a photograph of the at fault driver's vehicle's damage from failing to yield the

Right of way to Plaintiff's automobile:



3.13    This is a photograph of the laceration of Ava Frans' thumb and displaced fractures

occurring during the collision:



**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 5**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.14    The injuries to Plaintiff Frans' left forearm and hand/thumb were very painful.

3.15    Plaintiff Frans endured severe pain before and after the open reduction, internal fixation Surgery to repair the fractures in her forearm.

3.16    After the surgical repair, Plaintiff Frans suffered persistent pain and swelling in her Forearm that required an additional surgery under general anesthesia to remove a portion of the metal hardware placed in her arm to allow the displaced fractures to heal.

3.17    After months of severe pain and partial disability, it was medically necessary to surgically remove the metal hardware placed in Plaintiff Frans' forearm.

3.18    The painful and disabled physical injuries that Plaintiff Frans suffered from the collision caused by the negligent driving of the underinsured motorist caused her severe emotional and psychological harm that complicated and worsened her pre-existing psychological illness.

3.19    On November 9th, 2022, Ms. Hardison's automobile insurance carrier paid Plaintiff the limits of Ms. Hardison's State Farm automobile liability insurance, $50,000.00.

3.20    The underinsured driver's policy limits payment of $50,000.00 was less than the amount of damages Plaintiff Ava Jane Frans was legally entitled to recover from the at fault motorist and was insufficient to compensate Plaintiff Ava Jane Frans fairly or fully for the harms, losses, and damages she sustained due to the underinsured motorist's negligent operation of her motor vehicle.

3.21    After obtaining Defendant USAA's permission to accept the $50,000.00 limits of the liability portion of the underinsured motorist's automobile policy, Plaintiff Frans formally demanded Defendant USAA pay her the $300,000.00 limits of the underinsured motorist portion of her USAA automobile policy No. 007351082-007.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 6**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.22     The full and fair value of Plaintiff Frans' underinsured motorist claim exceeds the $300,000.00 limits of the underinsured motorist portion of her family's USAA insurance policy and the $50,000.00 received from the at fault driver's automobile insurance.

3.23     On January 24th, 2023, defendant USAA offered to pay Plaintiff Frans $70,000.00 to resolve the "full value" of Plaintiff Frans' underinsured motorist bodily injury claim.

3.24 Defendant USAA has paid Plaintiff Frans $80,000.00, the undisputed portion of her damages.

3.25     On February 23rd, 2023, Plaintiff Frans communicated to Defendant USAA her rejection as inadequate defendant USAA's $80,000.00 settlement offer and demanded USAA pay the undisputed UIM amount of $80,000.00 without prejudice to Plaintiff Frans' demand for payment of the limits of the underinsured motorist portion of her USAA automobile insurance policy.

3.26     Defendant USAA's action and non-actions in managing Plaintiff Frans' underinsured motorist claims constitute bad faith breach of USAA's fiduciary duty of good faith to its underinsured motorist insured, Plaintiff Frans.

3.27     Defendant USAA's action and non-action in managing Plaintiff Frans underinsured motorist claims violated Washington State's Insurance Conduct Act, RCW 48.30.015.

3.28     Defendant USAA has acted unreasonably and in bad faith in the investigation, evaluation and non-payment of their insured, Plaintiff Frans's claim for benefits under the underinsured motorist portion of her family's USAA automobile insurance policy, No. 00735 10 82C 7101.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 7**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.29    Defendant USAA's action and non-action in managing Plaintiff Frans underinsured motorist claims constitutes an unfair business practice that violated Washington State's Consumer Protection Act, RCW 19.86. et seq. in that Defendant USAA followed its

unfair and deceptive business practices of offering its insured far less than the fair value of their underinsured motorist claims.

3.30    Defendant USAA's action and non-action in managing Plaintiff Frans underinsured motorist claims constitutes an unfair business practice that violated Washington State's Consumer Protection Act, RCW 19.86. et seq. in that Defendant USAA followed its unfair and deceptive business practices by failing to promptly pay its insured the undisputed amount of its underinsured motorists benefits or claims.

3.31    An insurance contract (Number 00735 10 82C 7101) existing between Plaintiff Frans and Defendant USAA that included benefits for damages caused by underinsured motorists.

3.32    Defendant USAA owed Plaintiff Frans, their insured, a contractual duty of good faith dealing that include a duty to promptly investigate, evaluate and fairly pay underinsured motorist benefits.

3.33    Defendant USAA in bad faith breached its contractual duty to Plaintiff Frans to in good faith compensate her for damages caused by uninsured motorists.

3.34    Defendant USAA owed their insured Plaintiff Frans a fiduciary duty of good faith dealing that included a duty to promptly pay all undisputed amounts of underinsured motorist benefits.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES        - 8

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

3.35     In bad faith, Defendant USAA breached its fiduciary duty to pay the undisputed amounts of Plaintiff Frans underinsured motorist benefits.

3.36     Defendant USAA's action and non-action compelled Plaintiff Frans to litigate her underinsured motorists claim by not promptly investigation, fairly evaluating and then paying only $80,000.00 which was substantially less than the fair value of her actual damages in her underinsured motorist claim.

3.37     As a result of Defendant USAA's above mentions actions and non-action Plaintiff Frans has incurred necessary attorney fees and litigation costs and suffered emotional and psychological harm.

## 4    FIRST CAUSE OF ACTION: Breach of Insurance Contract

4.1     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

4.2     An automobile insurance contract 00735 10 82C 7101 8 existing between Defendant USAA and Plaintiff Frans' family that provided $300,000.00 of bodily injury benefits to the name insured for harm caused by underinsured motorists.

4.3     Plaintiff Frans was a named insured on the USAA automobile insurance policy, 00735 10 82C 7101 8 and therefore was Defendant USAA's insured.

4.4     Plaintiff Frans suffered harms, losses and damages in a motor vehicle collision caused by the negligence of an underinsured motorist.

4.5     The fair value of Plaintiff Frans' harms, losses and damages exceed the sum total of the $50,000.00 paid by the at fault driver's insurance and the limits of the underinsured motorist portion of the Frans' family $300,000.00 USAA automobile policy 00735 10 82C 7101 8.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 9**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.6     Defendant USAA accepted Plaintiff Frans' claim for underinsured motorist benefits but in bad faith offered settlement that was far below the fair market value of the legal value of Plaintiff Frans' damaged, thereby breaching Defendant USAA contractual duty to act in good faith to promptly investigate, evaluate and fairly pay Plaintiff Frans underinsured motorist benefits.

4.7     Defendant USAA breached the insurance contract with the Frans family by not fully and fairly paying Plaintiff Ava Frans underinsured motorist benefits she was entitled to under the insurance contract, 00735 10 82C 7101 8.

4.8     As a result of Defendant USAA's bad faith breach of the insurance contract with the Frans family, Plaintiff Ava Jane Frans suffered harms, losses and damages and was required to hire an attorney and incur litigation expenses, that she would not have been required to incur had Defendant USAA fulfilled its contractual obligations to Plaintiff Ava Frans.

## 5   SECOND CAUSE OF ACTION: BAD FAITH

5.1     Plaintiff realleged the preceding paragraphs as if fully set forth herein.

5.2     An automobile insurance contract 00735 10 82C 7101 8 existing between Defendant USAA and Plaintiff Frans' family that provided $300,000.00 of bodily injury benefits to the name insured for harm caused by underinsured motorists.

5.3     Plaintiff Frans was a named insured on the USAA automobile insurance policy, 00735 10 82C 7101 8 and therefore was Defendant USAA's insured.

5.4     Defendant USSA action and non-action in the management of Plaintiff Frans claim for underinsured motorist benefits from the insurance contract existing between USSA and the Frans family constituted bad faith.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 10**

**CAMPICHE ANDREWS HORNE**
**TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

5.5     Defendant USSA's violation of Washington State's Insurance Fair Conduct Act, as alleged herein, constitutes bad faith violation of an insurance contract.

5.6     Defendant USAA's bad faith management of Plaintiff Frans insurance contractual claim for underinsured motorist benefits proximate cause Plaintiff Frans to suffer damages.

5.7     Plaintiff Frans damages include attorney fees and litigation costs, emotional and psychological harm, anxiety and other harms, losses and damages to be proven in trial.

5.8     Plaintiff Frans seeks both punitive damages, attorney's fees and litigation costs as damages.

## 6   THIRD CAUSE OF ACTION: Violation of Washington State's Consumer Protection Act (CPA) RCW 19.86

6.1     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

6.2     An automobile insurance contract 00735 10 82C 7101 8 existing between Defendant USAA and Plaintiff Frans' family that provided $300,000.00 of bodily injury benefits to the name insured for harm caused by underinsured motorists.

6.3     Plaintiff Frans was a named insured on the USAA automobile insurance policy, 00735 10 82C 7101 8 and therefore was Defendant USAA's insured.

6.4     As here in alleged defendant USAA engaged in a course of unfair business practices in the management of their insured's claims for underinsured motorist benefits that included but was not limited to failure to fairly investigate, evaluate and pay their insureds' claims for underinsured motorist benefits, offering settlement that were significantly below the fair value of the underinsured motorists

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 11**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

claims, failure to promptly pay undisputed amounts in underinsured motorists' claims and other actions and non-actions to be proven in trial.

6.5     Defendant's unfair business practices violated the laws of Washington State direct and proximate caused Plaintiff Frans to incur necessary attorney fees and litigation costs.

6.6     Plaintiff Frans seeks both punitive damages, treble damages, attorney's fees and litigation costs as damages.

## 7   FOURTH CAUSE OF ACTION: Violation of Washington States Insurance Fair Conduct Act (IFCA)RCW 48.30.et seq.,

7.1     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

7.2     As herein alleged Defendant USAA management of Plaintiff Frans underinsured motorist insurance claim violated Washington States Insurance Fair Conduct Act, RCW 48.30 et seq.,

7.3     Defendant USAA engaged in an unfair practice that harmed its insured including Plaintiff Frans that included but is not limited to failure to fairly investigate, evaluate and pay their insureds' claims for underinsured motorist benefits, offering settlement that were significantly below the fair value of the underinsured motorists claims, failure to promptly pay undisputed amounts in underinsured motorists' claims and other actions and non-actions to be proven in trial.

7.4     Defendant USSA's violation of Washington State's Insurance Fair Conduct Act, as alleged herein constitutes bad faith violation of an insurance contract.

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 12**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

## 8   FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty

8.1     Plaintiff Frans realleged all preceding allegations as if fully set forth herein.

8.2     Defendant USSA owed Plaintiff Ava Jane Frans a named insured a fiduciary duty to manage her underinsured motorist claim in a fair and equitable manner to assure that she received the benefits of the underinsured motorist portion of her insurance contract she was entitled to.

8.3     Defendant USAA breached its fiduciary duty owed to its named insured Plaintiff Ava Jane Frans by not fairly paying her underinsured motorist claim,

Wherefor Plaintiff Frans seeks judgment against the Defendant USAA as follows:

Breach of Contract:

1. The value of the insurance contract as defined by the limits of the underinsured motorist portion of Plaintiff Frans USAA insurance policy,
2. Interest from the time the Plaintiff requested underinsured motorist benefits,
3. Attorney fees and costs.

Breach of Duty of Good Faith / Insurance Bad Faith:

1. Full compensation for harms, losses and damages from the motor vehicle collision not limited to limits of underinsured motorist policy limits,
2. Attorney fees and litigation costs,
3. Non-economic damages including emotional distress.

Violation of Consumer Protection Act:

1. Actual damages,
2. Attorney fees and litigation costs,
3. Treble damages up to $25,000.00.

Insurance Fair Conduct Act, (IFCA) RCW 48.30.015

1. Actual damages including general and special damages in excess of $100,000.00,

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES         **- 13**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

2. Treble damages,
3. Attorney fees and litigation costs.

DATED January 19, 2024.

By /s/ Nicholas R. Andrews
    Jeffery M. Campiche, WSBA No. 7592
    Daniel F. Horne, WSBA No. 54528
    Nicholas R. Andrews, WSBA No. 40441
    CAMPICHE ANDREWS HORNE
     TRIAL LAWYERS, PLLC
    Attorneys for Plaintiff Ava Jane Frans
    111 Queen Anne Avenue North, Suite 510
    Seattle, WA  98109
    Tele: 206.281.9000
    Facsimile:  206.281.9111
    Email addresses:
    jeff@campichelaw.com
    nick@campichelaw.com
    dan@campichelaw.com
    wonjin@campichelaw.com
    melina@campichelaw.com
    savannah@campichelaw.com

**COMPLAINT FOR DAMAGES**
FOR BREACH OF INSURANCE CONTRACT, BAD
FAITH, VIOLATION OF CONSUMER PROTECTION
ACT (CPA) RCW 19.86 & VIOLATION OF
INSURANCE FAIR CONDUCT ACT (IFCA) RCW
4830 ET SEQ., BREACH OF FIDUCIARY DUTY,
ATTORNEY FEES & COSTS, AND PUNITIVE AND
TREBLE DAMAGES          **- 14**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on January 19, 2024, I filed and served this pleading:

3

4        via ECF / Electronic filing

5

6

7

8        Melina M. Lara
         Paralegal

9

10

11

12

13

14

15

16

17

18

19

20

21

22   **COMPLAINT FOR DAMAGES**                           **CAMPICHE ANDREWS HORNE**
     FOR BREACH OF INSURANCE CONTRACT, BAD                    **TRIAL LAWYERS, PLLC**
23   FAITH, VIOLATION OF CONSUMER PROTECTION          111 Queen Avenue North, Suite 510
     ACT (CPA) RCW 19.86 & VIOLATION OF                        Seattle, WA 98109
     INSURANCE FAIR CONDUCT ACT (IFCA) RCW                  TEL: (206) 281-9000
     4830 ET SEQ., BREACH OF FIDUCIARY DUTY,               FAX: (206) 281-9111
     ATTORNEY FEES & COSTS, AND PUNITIVE AND
     TREBLE DAMAGES        **- 15**

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| AVA FRANS | No. 24-2-01365-2  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| UNITED STATES AUTOMOBILE ASSOCIATION AKA USAA INSURANCE | (CICS) |

**CAUSE OF ACTION**

COM - Commercial

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| AVA FRANS | No. 24-2-01365-2 SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| UNITED STATES AUTOMOBILE ASSOCIATION AKA USAA INSURANCE | **ASSIGNED JUDGE: Mark Larranaga, Dept. 33** FILED DATE: 01/19/2024 TRIAL DATE:01/21/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition*.  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion.  The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR* -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 01/19/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$250 arbitration fee must be paid** | 06/28/2024 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 06/28/2024 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 07/12/2024 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 08/20/2024 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 10/01/2024 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 10/15/2024 |
| | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 10/15/2024 |
| | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 12/03/2024 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 12/24/2024 |
| | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 12/31/2024 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 12/31/2024 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 01/07/2025 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 01/14/2025 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 01/14/2025 |
| | Trial Date [See KCLCR 40]. | 01/21/2025 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:     01/19/2024

_Peta Shah_
_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_Peter Shah_

PRESIDING JUDGE